## HOUGHTON *v.* SHAFER, GOVERNOR OF PENNSYLVANIA, ET AL.

No. 668, Misc.   Decided June 17, 1968.

*William C. Sennett,* Attorney General of Pennsylvania, *Frank P. Lawley, Jr.,* Deputy Attorney General, and *Edward Friedman* for respondents.

PER CURIAM.

Petitioner was convicted of burglary and is serving a sentence of four to 10 years in a Pennsylvania state prison.   In pursuing his appeal *pro se* petitioner acquired law books, trial records, and other materials with the consent of prison authorities.   Before petitioner had filed his appeal brief, prison authorities confiscated these materials because they were found in the possession of another inmate.   Petitioner's efforts to obtain the return of the materials were not successful, and he commenced this action in the United States District Court, claiming that the prison authorities had violated § 1 of the Civil Rights Act of 1871, 17 Stat. 13, now 42 U. S. C. § 1983, by depriving him of his legal materials.   The District Court

dismissed the complaint on the sole ground that petitioner had not alleged exhaustion of state administrative remedies, citing *Gaito* v. *Prasse,* 312 F. 2d 169 (C. A. 3d Cir.). The Court of Appeals for the Third Circuit affirmed without opinion. We grant the petition for certiorari and reverse the judgment of the Court of Appeals.

Petitioner's legal materials were confiscated pursuant to prison rules forbidding the possession of articles not sold through the canteen or approved by the authorities and forbidding the unauthorized loaning of books to another inmate. According to the inmates' handbook, petitioner could have taken his problem to the "Classification and Treatment Clinic"; it was also his privilege "to address a communication at any time to the Superintendent, the Deputy Commissioner of Correction, or the Commissioner of Correction, and as a final appeal, to the Attorney General." Petitioner did seek relief from the Deputy Superintendent of his prison, but without result. He was told, he says, to "leave well enough alone." His mother's telephone calls and correspondence with prison authorities were likewise unavailing. He has not, however, taken an appeal to the Deputy Commissioner of Correction, the Commissioner, or to the Attorney General.

As we understand the submission of the Attorney General of Pennsylvania in this Court, the rules of the prison were validly and correctly applied to petitioner; these rules are further said to be strictly enforced throughout the entire correctional system in Pennsylvania. In light of this it seems likely that to require petitioner to appeal to the Deputy Commissioner of Correction, the Commissioner, or to the Attorney General would be to demand a futile act. In any event, resort to these remedies is unnecessary in light of our decisions in *Monroe* v. *Pape,* 365 U. S. 167, 180–183; *McNeese* v. *Board of Education,* 373 U. S. 668, 671; and *Damico* v. *California,* 389 U. S.

416.   On the basis of these decisions, but without intimating any opinion on the merits of the underlying controversy concerning the prison rules, the motion to proceed *in forma pauperis* and the petition for certiorari are granted, the judgment of the Court of Appeals is reversed and the case remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*