**Robert Alan JONES, Petitioner-Appellant,**

v.

**Sheriff Bill DECKER, etc., Respondent-Appellee.**

**No. 30321**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 30, 1970.

Sylvia M. Demarest, Atty., Dallas Legal Services Project, Dallas, Tex., for appellant.

Henry Wade, Criminal Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

* ▆ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409.

PER CURIAM:

In a civil rights suit, appellant, a Dallas County prisoner, sought (1) an injunction against continuing to imprison him in solitary confinement, (2) a declaratory judgment that the Dallas County policy of placing inmates in solitary confinement is unconstitutional, and (3) damages of $25,000 plus $250 for every day his illegal confinement continued.

■ The district court properly treated the petition for release from solitary confinement as a petition for writ of habeas corpus and dismissed for failure to exhaust available state remedies. See Johnson v. Walker, 5 Cir., 1963, 317 F.2d 418. On the exhaustion question, see 28 U.S.C.A. § 2254; Stepp v. Beto, 5 Cir., 1968, 398 F.2d 814; State of Texas v. Payton, 5 Cir., 1968, 390 F.2d 261.

■ As to the prayers for declaratory judgment and damages, the dismissal based on appellant having an adequate remedy in the state courts was error. An action under the civil rights jurisdiction of the court is a supplemental remedy. "It is no answer that the state has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." Monroe v. Pape, 1961, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492; Houghton v. Shafer, 1968, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319; Cooper v. Pate, 1964, 378 U.S. 546, 84 S.Ct. 1733, 12 L. Ed.2d 1030; Moreno v. Henckel, 5 Cir., 1970, 431 F.2d 1299. Cf. Sinclair v. Henderson, 5 Cir., 1970, 435 F.2d 125.

The dismissal was on the motion of defendant. There was no motion for summary judgment nor any consideration of treating the motion to dismiss as a motion for summary judgment under Rule 56, F.R.Civ.Procedure. The record contains affidavits which show that appellant was placed in solitary in order to prevent his self-destruction. These affidavits set out the facts and circumstances having to do with an effort on the part of appellant to hang himself while confined in the Dallas jail. Unrebutted as these affidavits are, serious questions are presented as to justiciability as well as to damages. These questions are reserved, however, for consideration in the district court.

Affirmed in part; vacated and remanded in part.