**Nelson Lee BURNETT, Plaintiff-Appellant,**

**v.**

**Herman SHORT, Joe H. Dickerson, and J. E. Wiggins, Defendants-Appellees.**

**No. 30271.**

United States Court of Appeals, Fifth Circuit.

April 13, 1971.

Rehearing Denied May 20, 1971.

David J. Nagle, Houston, Tex., for plaintiff-appellant.

Homer T. Bouldin, Joseph G. Rollins, Sr., Asst. City Attys., Houston, Tex., for defendants-appellees.

Before MORGAN and CLARK, Circuit Judges, and SKELTON*, Judge of the U. S. Court of Claims.

LEWIS R. MORGAN, Circuit Judge:

Nelson Lee Burnett asserts a deprivation of his constitutional rights by certain police officers of the City of Houston, Texas. 42 U.S.C. §§ 1983, 1985; 28 U.S.C. § 1343. In his complaint, plaintiff Burnett made the following allegations: Early in the evening of November 30, 1966, a shooting occurred in which one Clyde Lamb shot both plaintiff and police officer Edward Rich. Arriving upon the scene, officers Joe H. Dickerson and J. E. Wiggins concluded, without making inquiry, that plaintiff had been the one who shot officer Rich. Either Wiggins or Dickerson struck plaintiff over the head with a club, causing him to fall to the ground where plaintiff's hands were handcuffed behind his back. The two officers proceeded to hit plaintiff about the head and shoulders before throwing him into the rear of a closed police van. Once inside the van, the officers again beat plaintiff by striking and kicking him in the neck, face, and head, breaking the bones in his face and knocking out several of his teeth. No charges were filed against plaintiff and he was subsequently released from custody.

Plaintiff brought an action under 42 U.S.C. § 1983, claiming that officers Dickerson and Wiggins, acting under

---

* Judge Byron G. Skelton, sitting by designation.

color of state law, deprived him of rights secured by the Constitution.[1] Plaintiff also alleged a conspiracy to violate his constitutional rights under 42 U.S.C. § 1985 and named Chief of Police Herman Short as a co-conspirator. Jurisdiction was invoked under 28 U.S.C. § 1343. The district court dismissed the § 1985 conspiracy claim for failure to state a cause of action and held that the § 1983 claim was not actionable because plaintiff failed to exhaust his state judicial remedies under Texas law. Burnett v. Short, (S.D.Texas, 1970) 311 F.Supp. 586. We affirm in part and reverse and remand in part.

In dismissing the Section 1983 claim for "failure to exhaust state judicial remedies" the district court committed error for the law on this question is now settled beyond dispute. Replying to the exhaustion argument in Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, the Supreme Court stated:

> "It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked. Hence the fact that Illinois by its constitution and laws outlaws unreasonable searches and seizures is no barrier to the present suit in the federal court." 365 U.S. at 183, 81 S.Ct. at 482.

■ Although both *Monroe* and the instant appeal concern the doctrine of exhaustion as applied to state judicial remedies, the doctrine has also been eliminated in Section 1983 cases in which state administrative relief was available.

"The three-judge District Court dismissed the complaint solely because 'it appear[ed] to the Court that all of the plaintiffs [had] failed to exhaust adequate administrative remedies'. This was error. In McNeese v. Board of Education, 1963, 373 U.S. 668 [83 S.Ct. 1433, 10 L.Ed.2d 622], noting that one of the purposes underlying the Civil Rights Act was 'to provide a remedy in the federal courts supplementary to any remedy, any State might have,' id., at 672 [83 S.Ct. at 1435], we held that 'relief under the Civil Rights Act may not be defeated because relief was not first sought under state law which provided [an administrative] remedy,' id., at 671 [83 S.Ct. at 1435]."

Damico v. California, 1967, 389 U.S. 416, 417, 88 S.Ct. 526, 19 L.Ed.2d 647. Accord, Houghton v. Shafer, 1968, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319; Moreno v. Henckel, 5 Cir., 1970, 431 F.2d 1299; Hall v. Garson, 5 Cir., 1970, 430 F.2d 430; See also King v. Smith, 1968, 392 U.S. 309, n. 4, 88 S.Ct. 2128, 20 L.Ed.2d 1118. Thus, whatever vitality the exhaustion doctrine possessed prior to the decisions cited above, it is now clear that plaintiff is entitled to a federal forum in a Section 1983 suit without regard to whether state remedies were pursued.[2] Accordingly, the district court's dismissal of the Section 1983 claim must be reversed and the cause remanded for trial.

■ As to the Section 1985 conspiracy count, we agree with the district court that the complaint is devoid of any factual allegations which, taken to be true, would support the requisite element of conspiracy by the defendants. See Granville v. Hunt, 5 Cir., 1969, 411 F.2d 9. The court's dismissal of the cause of action under Section 1985 is therefore affirmed.

Affirmed in part; reversed and remanded in part.

---

1. Plaintiff alleged his treatment was in violation of Amendments IV, VI, and XIV. We note, in passing, the additional possibility of a violation of the Eighth Amendment's proscription against cruel and unusual punishment. See Anderson v. Nosser, 5 Cir., 1971, 438 F.2d 183.

2. See Note, Exhaustion of State Remedies Under the Civil Rights Act, 68 Colum. L.Rev. 1201 (1968).