Charles **POTTER**
v.
Walter **McQUEENEY** et al.
Civ. A. No. 4806.

United States District Court,
D. Rhode Island.

Feb. 28, 1972.

Stephen J. Fortunato, Jr., Warwick, R. I., for plaintiff.

Vincent J. Piccirilli, Providence, R. I., for defendants.

## MEMORANDUM OPINION

PETTINE, Chief Judge.

Plaintiff, a permanent patrolman with the Providence Police Department, complains that he was suspended from the police force for wearing a moustache, in derogation of his constitutional rights. Jurisdiction is claimed under 28 U.S.C. § 1331 and 28 U.S.C. § 1343; relief is sought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201, 2202.

Plaintiff was suspended under Regulation 201.13 of the Providence Police Department, which reads

### Neatness

A member of the force shall be neat and clean about his person. He shall be cleanly shaven and shall have his hair closely trimmed at all times. He shall keep his body, particularly his hands and fingernails, as clean as circumstances permit."

Defendant McQueeney interprets this regulation to prohibit moustaches, and suspended plaintiff from the police force on January 4, 1972, when plaintiff

refused to remove his moustache as ordered.

Defendants have moved to dismiss on grounds that:

(a) plaintiff has failed to exhaust his administrative remedies

(b) plaintiff has an adequate remedy at law

(c) The court lacks jurisdiction since the amount in controversy is less than $10,000

■ As to the claimed defect in jurisdictional amount, "jurisdiction under § 1343 is not dependent upon . . . the monetary amount in controversy." Ricciotti v. Warwick School Committee, 319 F.Supp. 1006, 1009 (D.R.I.1970). Also, see Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). Plaintiffs have adequately established this Court's jurisdiction.

Defendant maintains that plaintiff must exhaust his administrative remedy in grievance proceedings pursuant to a collective bargaining agreement between the Fraternal Order of Police and the City of Providence. Under this Agreement, Providence Lodge No. 3 of the Fraternal Order of Police is recognized as the exclusive bargaining agent for all full time policemen. The Preamble states that:

"Pursuant to the provisions of Chapter 54 of the Public Laws of Rhode Island, 1963, entitled 'An Act to Provide for Settlement of Disputes Concerning Wages or Rates of Pay and Other Terms and Conditions of Employment of Employees of Police Departments', the City of Providence recognizes that the full time policemen of the City of Providence have the statutory right to bargain collectively with the City of Providence and to be represented by an organization in such collective bargaining as to wages, hours, rates of pay, working conditions and other terms and conditions of employment.

Nothing herein contained shall be construed to limit the right of the City of Providence to regulate, man-age and control the Police Department of the City except as modified by the terms of this contract and except as specifically directed by said Chapter 54 of the Public Laws of the State of Rhode Island, 1963, reference to which has previously been made."

Dispute settlement is provided for in Article XIII, Grievance Procedure (set out in relevant part):

"Alleged grievances of members of the Police Department in respect to wages, rates of pay, working conditions or other terms or conditions of employment set forth in this Agreement and which arise under this Agreement or in connection with the interpretation thereof, shall be handled in accordance with the following procedure—

A. An individual have a grievance may either present his grievance to his immediate superior or he may present his grievance to the Executive Board of Providence Lodge No. 3 in accordance with the provisions of Paragraph B hereof. In the event a member presents his grievance to his immediate superior, every effort shall be made to resolve the grievance on this level before resorting to formal procedures. If the grievance cannot be satisfactorily settled, it may be referred by the employee involved to the appropriate Commander who shall make a serious and sincere attempt to settle the complaint.

Where an employee has brought his grievance to his immediate superior and has followed the procedure set forth in Paragraph (A) hereof and such procedure has failed to resolve the grievance, the individual may, in writing, bring the grievance to the attention of the Executive Board of Providence Lodge No. 3. An employee may also, in writing, bring his grievance directly to the attention of the Executive Board of Providence Lodge No. 3. Said Executive Board, shall, within five (5) days of the receipt of said grievance, arrange for the individual to present his alleged

grievance at a meeting of the Executive Board. It shall be the responsibility of the Executive Board to determine the justification of the complaint. If, in the judgment of the Board, the nature of the grievance justifies further action, it shall, through the President or Vice President of Providence Lodge No. 3, carry the grievance to the Chief of the Providence Police Department."

Such are the administrative remedies [1] which, defendants argue, must be exhausted before this suit may be properly maintained.

Defendants' argument that state administrative remedies must be exhausted before suit under § 1983 is started brings us into an area of flux and growth in legal doctrine. The process of curtailing the exhaustion of state administrative remedies doctrine was begun by McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963). In *McNeese* the Supreme Court reversed the lower court's holding that exhaustion of administrative remedies provided by state law was necessary before bringing suit under 42 U.S.C. § 1983, stating:

> "It is immaterial whether respondents' conduct is legal or illegal as a matter of state law. Such claims are entitled to be adjudicated in the federal courts." 373 U.S. at 674, 83 S.Ct. at 1437 (citations omitted)

In *McNeese*, however, it was far from clear that the state law provided an *adequate* administrative remedy.

Following *McNeese*, Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967), reversed the dismissal of an action for failure to exhaust administrative remedies by a *three-judge* district court:

> "In *McNeese* . . . noting that one of the purposes underlying the Civil Rights Act was 'to provide a remedy in the federal courts supplementary to any remedy any State might have,' we held that 'relief under the Civil Rights Act may not be defeated because relief was not first sought under state law which provided [an administrative] remedy.'"

*Damico's* encompassing language appeared to have been restricted by the holding in King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968) that

> "a plaintiff in an action brought under the Civil Rights Act . . . is not required to exhaust administrative remedies, when the constitutional challenge is sufficiently substantial, as here, to require the convening of a three-judge court." 392 U.S. at 312 n. 4, 88 S.Ct. at 2131.

Yet, dicta in Houghton v. Shafer, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968), indicated it would be wrong to interpret *King* so restrictively. *Houghton*, an appeal from a decision by a single district judge, noted:

> "In any event, resort to these [administrative] remedies is unnecessary in light of our decisions in [*Monroe, McNeese,* and *Damico*]."

A shadow may have been thrown on *Houghton's* seeming coup-de-grace to the exhaustion of state administrative remedies doctrine by Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971). *Askew* reversed a district court's failure to *abstain* [2] which was

---

1. The doctrine of exhaustion of administrative remedies is to be distinguished from the doctrine of exhaustion of judicial remedies. Reasons exist for requiring exhaustion of administrative remedies which do not apply to judicial remedies:

   "Administrative bodies are policy-making and discretionary. Also, it is sometimes difficult to distinguish between a situation in which a final administrative

determination has not yet been arrived at, and a situation in which an administrative 'remedy' has not yet been exhausted." Edwards v. Schmidt, 321 F. Supp. 68, 76 n. 6 (W.D.Wis.1971)

Also, see the excellent discussion in Moreno v. Henckel, 431 F.2d 1299, 1307 n. 17 (5th Cir. 1970)

2. The relationship between the abstention doctrine and the doctrine of exhaustion

grounded on reasoning that "the fact that a state remedy is available is not a valid basis for federal court abstention.":

"The reliance upon Monroe v. Pape and *McNeese* was misplaced. [*Monroe*] is not in point, for there 'the state remedy, though adequate in theory, was not available in practice.' . . . *McNeese* held that 'assertion of a federal claim in a federal court [need not] await an attempt to vindicate *the same claim* in a state court." 401 U.S. at 478, 91 S.Ct. at 858.

See, also Ricciotti v. Warwick School Committee, supra.

Lower courts have variously interpreted the *McNeese* line of cases. The Fifth Circuit Court of Appeals has found that the doctrine of exhaustion of state administrative remedies has been eliminated, Burnett v. Short, 441 F.2d 405 (1971), while in the Seventh Circuit the doctrine retains some vitality. Metcalf v. Swank, 444 F.2d 1353 (1971). The rule stated for this Circuit is that "plaintiffs who bring § 1983 actions must normally exhaust administrative remedies." Beattie v. Roberts, 436 F.2d 747 (1st Cir. 1971); Drown v. Portsmouth School District, 435 F.2d 1182, n. 10 (1st Cir. 1970); Dunham v. Crosby, 435 F.2d 1177, n. 2 (1st Cir. 1970). However, *Beattie, Drown,* and *Dunham* all involved public school teachers whose

contracts were not renewed, and exhaustion was required, in part, because of a hesitation "to hold members of school committees liable for tentative dismissal decisions when they are denied the opportunity to view the issue in light of the facts and argument which the affected teachers might introduce into a formal hearing." *Beattie,* supra, 436 F. 2d at 748.

■ The rule enunciated in *Beattie* is not dispositive for I find considerable doubt that plaintiff's administrative remedy is adequate and feel that requiring him to exhaust it would be an exercise in futility. By affidavit and attested copy of a letter of suspension, plaintiff alleges that he was summarily suspended from Providence Lodge No. 3, Fraternal Order of Police, on November 10, 1971 on a matter foreign to this action. Because plaintiff has been suspended, there is much doubt that the Fraternal Order of Police could or would provide effective, conflict-free representation for plaintiff.[3] Further, there is much doubt that the grievance procedures of the collective bargaining agreement would cover the issue at hand.[4] It is undisputed that plaintiff grew a moustache in violation of a police department regulation as it was interpreted by the Chief-of-Police, defendant McQueeney. Plaintiff's position is sim-

---

of state remedies is not entirely clear. One court has attempted to distinguish the two by finding the exhaustion doctrine to be a "jurisdictional or pseudo-jurisdictional requirement" while the abstention doctrine assumes jurisdiction and is a rule of restraint limited to special circumstances. Moreno v. Henckel, 431 F.2d 1299, 1307 (5th Cir. 1970). See also Hobbs v. Thompson, 448 F.2d 456, 461 (5th Cir. 1971).

Yet, the fact that *McNeese* cited to cases about abstention, 373 U.S. at 673–674, 83 S.Ct. 1433, 10 L.Ed.2d 622, and was, in turn cited in *Askew* suggests an interrelationship of the two doctrines. See C. Wright, Law of the Federal Courts 197 (1970).

3. Specifically, plaintiff was suspended from membership in the Fraternal Order of Police by action of its Board of Directors.

Under the terms of the Grievance Procedure, the decision whether to carry the grievance for negotiation with police officials is entirely within the discretion of the Executive Board of the F.O.P.

4. By its own terms the grievance procedure applies to grievances of members with respect to wages, rates of pay, working conditions, or *other terms or conditions of employment set forth in this Agreement.* Nothing in the terms of the Agreement covers the point at issue. Further, Article XIII states that grievances shall not be permitted with respect to matters pertaining to discipline except as to [number of penalty hours]. Finally, the Preamble noted that nothing contained in the Agreement should be "construed to limit the right of the City of Providence to regulate, manage, and control the police department . . . "

ilar to that in *Houghton, supra,* where exhaustion was held unnecessary when administrative appeal would be to officials for violations of rules validly applied to the petitioner. There are no facts in dispute, nor is the finality of the administrative determination in question. There is no independent board, as the school board in *Beattie,* to hear an appeal. I hold therefore, that plaintiff does not have an adequate administrative remedy and need not exhaust such a remedy before bringing this action.

■ Defendant further argues this action must be dismissed because plaintiff has an adequate remedy at law. Under § 45–20–1.1. of the General Laws of Rhode Island (1970 Reenactment), any policeman who is suspended for violation of departmental regulations may appeal such decision to the Rhode Island Superior Court after exhaustion of all administrative remedies available under the municipal charter. Appeal is by way of trial de novo. The Superior Court is empowered to revoke the suspension.[5]

"[E]xhaustion of state judicial remedies is not a prerequisite to the invocation of federal relief under section 1983 since the cause of action established by that statute is fully supplementary to any remedy, adequate or inadequate, that might exist under state law." Hobbs v. Thompson, 448 F.2d 456 (5th Cir. 1971). Whether such judicial remedies are legal or equitable in nature, exhaustion is not necessary to a section 1983 action. Sostre v. McGinnis, 442 F. 2d 178, 182 (2d Cir. 1971).

In essence, plaintiff would present to the state court the same claim and arguments that he presents here. "The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the fed-eral one is invoked." Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961).

Defendant's motion to dismiss is denied. Plaintiff's motion to strike is denied.

An appropriate order reflecting the court's ruling will be prepared by the plaintiff.

5. While there may be some question about whether this is a judicial or an extension of an administrative procedure, if it is ad-ministrative, exhaustion is not required for failure of the adequacy of the grievance mechanism.