**Patrick J. FAST, Plaintiff,**

v.

**Edward R. WEAD et al., Defendants.**

**No. C 80–2128 A.**

United States District Court,
N. D. Ohio, E. D.

Jan. 21, 1981.

Patrick J. Fast, pro se.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

Plaintiff seeks to prosecute this action under 42 U.S.C. § 1983 against two attorneys, two judges of the Ohio Court of Common Pleas, a prosecuting attorney and a local police officer, alleging that their violations of his civil rights led to his present incarceration. He asks this Court to declare that their actions violated his constitutional rights, that he be given a new trial, awarded compensatory and punitive damages, and such other relief as this Court may deem appropriate. He has also moved for appointment of counsel.

It is clear from the facts and claims set forth in the complaint that plaintiff is challenging the legality of his custody. He asserts that at his first trial, subsequently vacated by the Ohio Court of Appeals, he was denied effective assistance of counsel, and that at his re-trial he was again denied effective assistance of counsel, that he was .subjected to an illegal search and seizure in violation of his fourth amendment rights, and that several of the defendants solicited false information and intimidated witnesses in relation to his re-trial.

The law is clear that when a state prisoner challenges the very fact or duration of his physical imprisonment by alleging the unconstitutionality of actions taken in relation to his state trial proceeding, his sole remedy is a writ of habeas corpus, and he may not maintain a suit for relief under the Civil Rights Act, 42 U.S.C. § 1983. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). While the plaintiff does not ask this Court to order his

release, he asks for a declaration that procedures employed during his trial be declared unconstitutional and that he be given a new trial. Should the plaintiff present competent evidence that bears out his allegations, this Court would have no alternative but to exercise the powers given it under the habeas corpus statute, 28 U.S.C. § 2254, and fashion a remedy that is appropriate under that section. This may include ordering the state to vacate his sentence and re-try him, or it may consist of this Court directly ordering his release. *See, e. g., Boles v. Stevenson,* 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964); *Hart v. Eyman,* 458 F.2d 334 (9th Cir.), cert. den. 407 U.S. 916, 92 S.Ct. 2441, 32 L.Ed.2d 691 (1972). Such remedies are not available under the Civil Rights Act.

However, where habeas corpus is the exclusive federal remedy, a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate. 28 U.S.C. § 2254(b); *Preiser v. Rodriguez, supra.* In the complaint before this Court, plaintiff has not alleged that he has exhausted his state remedies, and indeed in an action under § 1983 he is not required to do so. *Houghton v. Shafer,* 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968). However, this Court cannot consider a petition for a writ of habeas corpus absent some showing that recourse through the state system is no longer available. Therefore, so much of the complaint as seeks relief available exclusively through a writ of habeas corpus is hereby dismissed. If plaintiff feels that he has a claim validly cognizable under the federal habeas corpus statute, he is free to file an action pursuant to the requirements of 28 U.S.C. § 2254.

Furthermore, plaintiff has not set forth facts which would enable him to recover money damages under this section against any of the named defendants. He alleges that his court-appointed counsel, defendants Wead and Chilcote, did not effectively represent him at trial. However, the conduct of counsel, either retained or appointed, in representing clients does not constitute state action under color of state law for purposes of this section. *See, e. g., Harkins v. Eldredge,* 505 F.2d 802 (8th Cir. 1974). The alleged improprieties of the prosecuting attorney, defendant Brown, were done within his official capacity and are immune from suit under this section, *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Likewise, any actions taken by the judge presiding over plaintiff's case are not alleged to have been outside of his judicial capacity and are thus not a proper subject of this law suit. *See, e. g., Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Plaintiff has further failed to allege facts that will allow him to make out a cause of action against the police officer, defendant Hart, who is alleged to have searched his residence and confiscated certain personal property. Plaintiff's own pleadings state that the search was done pursuant to a warrant and that the State court has ordered return of those articles which it found improperly taken. Plaintiff has not alleged that the search was illegal, that any illegal force was used, nor set forth any other facts that would entitle him to relief under this section.

While this Court is mindful of the fact that the allegations contained in a *pro se* complaint must be liberally construed, *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), upon examination of the pleadings, it appears that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

It is therefore ordered that plaintiff's motion to proceed *in forma pauperis* and for appointment of counsel be denied and that this action be terminated.

IT IS SO ORDERED.