**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VOLVO GM HEAVY TRUCK
CORPORATION,
<u>Plaintiff-Appellant,</u>

v.

UNITED STATES DEPARTMENT OF
LABOR; ROBERT B. REICH, SECRETARY
OF LABOR; SHIRLEY WILCHER, Deputy
Assistant Secretary for Federal
Contract Compliance Programs,
<u>Defendants-Appellees.</u>

No. 96-2225

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CA-96-40001-R)

Argued: May 5, 1997

Decided: July 1, 1997

Before MURNAGHAN and HAMILTON, Circuit Judges, and
LEGG, United States District Judge for the
District of Maryland, sitting by designation.

_____

Affirmed by published opinion. Judge Murnaghan wrote the opinion,
in which Judge Hamilton and Judge Legg joined.

_____

**COUNSEL**

**ARGUED:** James Marion Powell, HAYNSWORTH, BALDWIN,
JOHNSON & GREAVES, P.A., Greensboro, North Carolina, for

Appellant. Samuel Robert Bagenstos, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:**
Gregory P. McGuire, HAYNSWORTH, BALDWIN, JOHNSON &
GREAVES, P.A., Greensboro, North Carolina, for Appellant. Deval
L. Patrick, Assistant Attorney General, Dennis J. Dimsey, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C.; J. Davitt
McAteer, Acting Solicitor, James D. Henry, Associate Solicitor,
Debra A. Millenson, Senior Trial Attorney, Belinda Reed Shannon,
Trial Attorney, UNITED STATES DEPARTMENT OF LABOR,
Washington, D.C., for Appellees.

_____

**OPINION**

MURNAGHAN, Circuit Judge:

On December 18, 1995, the Department of Labor's Office of Fed-
eral Contract Compliance Programs (OFCCP) filed an administrative
complaint under Executive Order 11246 alleging that in 1988 Volvo
GM Heavy Truck Corporation had discriminated against female
applicants for assembler positions in its Dublin, Virginia plant.
In
response, Volvo GM filed a complaint in district court seeking a
declaratory judgment on the basis that OFCCP's seven-year delay in
bringing the enforcement action barred the action. The OFCCP filed
a motion to dismiss on ripeness and exhaustion grounds. On August
9, 1996, the district court granted OFCCP's motion on exhaustion
grounds. For the following reasons, we affirm.

I.

FACTS AND PROCEDURAL HISTORY

Appellant, Volvo GM Heavy Truck Corporation (Volvo GM), a
contractor with the federal government, operates a heavy duty truck
assembly plant in Dublin, Virginia. The plant employs approximately
1500 people. As a federal contractor, Volvo GM is subject to Execu-
tive Order 11246. Executive Order 11246 prohibits discrimination on
the basis of race, color, religion, sex, or national origin by
federal
contractors. Exec. Order 11246 § 202, 3 C.F.R. 167, 168 (1965

2

Supp.), as amended, Exec. Order No. 11,375, 3 C.F.R. 320, 321 (1967 Comp.). Executive Order 11246 is administered by the Office of Federal Contract Compliance Programs (OFCCP) in the Department of Labor. 41 C.F.R. 60-1.2 (1996). As part of its administration of Executive Order 11246, the OFCCP periodically conducts compliance checks to assess whether federal contractors are in compliance with the Executive Order. 41 C.F.R. 60-1.20 (1996). If a compliance review discloses a violation and the parties are unable to reach a conciliated position, the OFCCP may initiate administrative enforcement proceedings. 41 C.F.R. 60-1.26(a)(2) (1996).[1]

On December 23, 1988, the OFCCP informed Volvo GM that its Dublin plant had been selected for a compliance review. The OFCCP conducted the review in early 1989. In a letter sent August 7, 1989, the OFCCP informed Volvo GM of its prima facie finding that Volvo GM had discriminated against women in hiring for entry-level positions during 1988. In the letter, the OFCCP noted that Volvo GM's selection process appeared to be "highly subjective." Volvo GM was required to provide a written response to the prima facie finding within 20 days.

On November 1, 1989, the OFCCP issued a notice of violation reiterating its prior finding of gender discrimination.[2] On January 26, 1990, the OFCCP's regional director issued a notice to show cause, which stated that the Department would initiate enforcement proceedings if Volvo GM did not take corrective action within 30 days. As a result, representatives of Volvo GM and the OFCCP met in an attempt to conciliate the dispute. Those conciliations efforts proved unsuccessful and ceased as of June 1, 1990.

_____

[1] Administrative enforcement proceedings are heard by an administrative law judge (ALJ), who issues a recommended decision. 41 C.F.R. 60-30.27 (1996). Following a period for both parties to file exceptions, the Department of Labor's Administrative Review Board issues a final administrative order. 41 C.F.R. 60-30.29 & 60-30.30 (1996).

[2] Specifically, the letter stated:

> Volvo GM Heavy Truck Corporation exhibited disparate impact in the hiring of females for the assembler position during the period of January 1, 1988 through December 31, 1988. This is a violation of [41 C.F.R. 60-3.3 and 60-1.4(a)(1) (1996)].

Four years passed. On August 30, 1994, the Solicitor of Labor informed Volvo GM that the OFCCP had "referred the case to the Solicitor's Office for filing of administrative enforcement proceedings." The Solicitor's letter offered to "make a final attempt to resolve this matter without contested litigation." Volvo GM rejected the offer.

On December 18, 1995, the OFCCP filed an administrative complaint against Volvo GM under Executive Order 11246 seeking backpay for an affected class of females from March 7, 1987 to the present, injunctive relief, and an order cancelling Volvo GM's current contracts with the federal government and barring Volvo GM from participating in contracts with the federal government until Volvo GM complied with Executive Order 11246.

On January 5, 1996, Volvo GM filed the instant action for judicial review of the OFCCP's actions in the United States District Court for the Western District of Virginia. The complaint asserted four causes of action. In the first count, Volvo GM sought a declaratory judgment, pursuant to 28 U.S.C. § 2201, that the OFCCP's administrative enforcement actions were subject to the statute of limitations in Va. Code. § 8.01-248[3] because Executive Order 11246 provides no statute of limitations period. The second count alleged that the OFCCP's delay in bringing the enforcement action violated the Administrative Procedure Act, 5 U.S.C. § 555(b).[4] The third count alleged that the

_____

[3] § 8.01-248, amended in 1995, now provides:

> Every personal action accruing on or after July 1, 1995, for which no limitation is otherwise prescribed, shall be brought within <u>two years</u> after the right to bring such action has accrued.

Va. Code § 8.01-248 (Michie 1992 and Supp. 1996) (emphasis added).

Prior to the 1995 amendment of § 8.01-248, the same section provided:

> Every personal action for which no limitation is otherwise prescribed, shall be brought within <u>one year</u> after the right to bring such action has accrued.

Va. Code § 8.01-248 (Michie 1992).

Since the OFCCP brought this action in 1995 based on Volvo GM's alleged sex dicrimination in the hiring of women in 1988, arguably, the one-year statute of limitations, if applicable, would apply to this action.

**4** Section 555(b) requires federal agencies to conclude matters "with due regard to convenience and necessity of the parties or their represen-tatives and within a reasonable time."

4

OFCCP's delay in bringing the enforcement proceedings violated the Due Process Clause of the Fifth Amendment. The fourth count alleged a violation of the Freedom of Information Act (FOIA), 5 U.S.C. § 552.[5]

On March 11, 1996, the OFCCP moved to dismiss the complaint on the grounds that Volvo GM had failed to exhaust administrative remedies, or alternatively, the case was not ripe for judicial review. On April 4, 1996, Volvo GM filed its response to the motion, and the OFCCP filed its reply on April 26, 1996. On May 16, 1996 Volvo GM filed a motion for summary judgment on Count One (statute of limitations). After denying the OFCCP's motion to stay consideration of Volvo GM's motion for summary judgment, the OFCCP filed its opposition to the motion on June 19, 1996, and Volvo GM filed its reply on June 28, 1996.

On July 15, 1996, the district court held a hearing on both motions. Thereafter, on August 9, 1996, the district court entered an order granting OFCCP's motion to dismiss on exhaustion grounds, and dismissed without prejudice as moot Volvo GM's motion for summary judgment on Count One. The instant appeal followed.

II.

DISCUSSION

Volvo GM challenges the district court's decision on the grounds that Executive Order 11246 does not require exhaustion of administrative remedies as a prerequisite to seeking judicial review. In requiring Volvo GM to exhaust its administrative remedies, Volvo contends, the district court abused its discretion. In the alternative, Volvo GM contends that exhaustion should not be required because exhaustion would be "futile", exhaustion would not serve the purpose of promoting judicial economy, and their complaint raises constitutional issues which are exempt from an exhaustion requirement.

In a shift from its litigating position before the district court to a

_____

[5] The fourth count is not at issue in the instant appeal.

related position, the OFCCP primarily maintains that the district court
should be affirmed because the case is not "ripe" because the filing
of an administrative complaint is not "final agency action." Alterna-
tively, the OFCCP argues that the district court should be affirmed
because Volvo GM must exhaust its administrative remedies before
seeking judicial review. The district court's grant of the OFCCP's
motion to dismiss is reviewed de novo. See Tillman v. RTC, 37 F.3d
1032, 1034 (4th Cir. 1994). We now address the district court's deci-
sion requiring Volvo GM to exhaust its administrative remedies. **6**

A. Exhaustion

A wealth of Supreme Court guidance exists within the area of
exhaustion of administrative remedies. In McCarthy v. Madigan, 503
U.S. 140 (1992), the Supreme Court discussed the fundamentals of
the exhaustion doctrine and the interplay between Congressional
intent and the federal judiciary. The Court stated:

> The doctrine of exhaustion of administrative remedies is one
> among related doctrines -- including abstention, finality,
> and ripeness -- that govern the timing of federal court deci-
> sionmaking. Of "paramount importance" to any exhaustion
> inquiry is congressional intent. Where Congress specifically
> mandates, exhaustion is required. But where Congress has
> not clearly required exhaustion, sound judicial discretion
> governs .... Nevertheless even in this field of judicial discre-
> tion, appropriate deference to Congress' power to prescribe
> the basic procedural scheme under which a claim may be
> heard in federal court requires fashioning of exhaustion
> principles in a manner consistent with congressional intent
> and any applicable statutory scheme.

---

**6** A review of the district court's decision reveals that the district court
granted the OFCCP's motion on the basis of Volvo GM's failure to
exhaust administrative remedies. While the district court did address the
"ripeness" issue in a footnote, the OFCCP is stretching it a bit to suggest
the court also ruled on the ripeness grounds. Although we may affirm on
any ground supported in the record, see Jackson v. Kimel, 992 F.2d 1318,
1322 (4th Cir. 1993), the district court ruled on the exhaustion grounds
and that grounds provides an adequate avenue for affirmance of the dis-
trict court. Hence, this opinion only addresses the exhaustion

grounds.

6

This Court has long acknowledged the general rule that par-
ties exhaust prescribed administrative remedies before seek-
ing relief from the federal courts. Exhaustion is required
because it serves the twin purposes of protecting administra-
tive agency authority and promoting judicial efficiency.

Id. at 144 (internal citations omitted).

The exhaustion requirement provides an agency with an opportu-
nity to "correct its own mistakes with respect to programs it adminis-
ters before it is haled into federal court." Id. at 145; see also McKart
v. United States, 395 U.S. 185, 195 (1969) ("frequent and deliberate
flouting of administrative processes could weaken" an agency's effec-
tiveness "by encouraging" disregard of "its procedures."). Moreover,
the exhaustion requirement serves to prevent "piecemeal appeals."
McCarthy, 503 U.S. at 145. "In determining whether exhaustion is
required, federal courts must balance the interest of the individual in
retaining prompt access to a federal judicial forum against counter-
vailing institutional interests favoring exhaustion." McCarthy, 503
U.S. at 146; see also Bowen v. City of New York, 476 U.S. 467, 484
(1986) ("application of exhaustion doctrine is`intensely practical'
....
The ultimate decision of whether to waive exhaustion... should be
guided by the policies underlying the exhaustion requirement.")

The Supreme Court, however, in Darby v. United States, 509 U.S.
137 (1993), stated that "with respect to actions brought under the
APA, Congress effectively codified the doctrine of exhaustion of
administrative remedies in [5 U.S.C. § 704]". Id. at 153; see also
Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)
("the long settled rule of judicial administration [is] that no one is
entitled to judicial relief for a supposed or threatened injury until the
prescribed administrative remedy has been exhausted."). Thus, the
Court stated that an action brought pursuant to the APA "explicitly
requires exhaustion of all intra-agency appeals mandated either by
statute or by agency rule." Darby, 509 U.S. at 147.

Darby, however, did not completely remove judicial discretion,
recognized in McCarthy, to impose an exhaustion requirement when
a statute does not explicitly require exhaustion. Rather, the Court
noted that "[o]f course, the exhaustion doctrine continues to apply
as

7

a matter of judicial discretion <u>in cases not governed by the APA</u>." <u>Darby</u>, 509 U.S. at 154-55 (emphasis added). Guided by the Supreme Court's decisions in <u>McCarthy</u> and <u>Darby</u>, we now turn our attention to Volvo GM's contentions with respect to exhaustion.

In its complaint, Volvo GM asserted three causes of action with respect to the OFCCP's seven-year delay in pursuing administrative enforcement proceedings against Volvo GM. The first cause of action sought a declaratory judgment that the OFCCP's enforcement proceedings were subject to a one-year Virginia statute of limitations period; the second, challenged the seven-year delay as a substantive violation of the APA; and the third alleged that the OFCCP's seven-year delay violated the Fifth Amendment's Due Process Clause. A proper analysis of the instant case requires the court to address each of Volvo GM's asserted causes of action to determine whether exhaustion is required.

Turning to the second cause of action, Volvo GM alleges that the OFCCP's seven-year delay in bringing enforcement actions violates the APA. The analyis of Volvo GM's second cause of action need not detain us long. Pursuant to <u>Darby</u>, Volvo GM must exhaust its APA claim before proceeding in federal court. Volvo GM places great reliance on <u>McCarthy</u> and <u>McKart</u>, but we note that both of those cases pre-dated the Court's pronouncement in <u>Darby</u> that all APA claims are subject to an exhaustion requirement.

The regulations governing cases under Executive Order 11246 provide that agency action is not final until an appeal has been taken to the Administrative Review Board. <u>See</u> 41 C.F.R. 60-30.30 (1996). Indisputedly, Volvo GM has not yet taken such an appeal. Although an issue of first impression for the Fourth Circuit, other circuits have required exhaustion, within the APA context, with respect to Executive Order 11246. <u>See St. Regis Paper Co.</u>, 591 F.2d 612, 613-15 (10th Cir.), <u>cert</u>. <u>denied</u>, 444 U.S. 828 (1979) (requiring exhaustion and finding that plaintiff did not fall within any exceptions to the exhaustion doctrine); <u>Uniroyal, Inc. v. Marshall</u>, 579 F.2d 1060, 1064-67 (7th Cir. 1978) (requiring exhaustion). Therefore, Volvo GM's second cause of action alleging a violation of the APA must be exhausted.

8

Volvo GM's two additional causes of action require more attention. Our readings of the pleadings suggest that Volvo GM also argues that neither its first cause of action nor its third cause of action is subject to exhaustion of administrative remedies before proceeding in federal court. With respect to the first cause of action, Volvo GM states that it "merely seeks a declaration that an appropriate limitations period applies to the OFCCP's enforcement actions, and requests an injunction prohibiting [the OFCCP] from proceeding with the administrative action." The declaratory judgment, Volvo GM contends, "would provide the appropriate law to the [OFCCP] to be applied in the administrative hearing process."

As such, Volvo GM argues that since Executive Order 11246 does not specifically require that administrative remedies be exhausted before proceeding in federal court, an exhaustion requirement may only be imposed by the exercise of the district court's sound judicial discretion. But on those grounds we agree with the district court that Volvo GM's first and third causes of action must also be exhausted.

First, as we have noted in City Nat'l Bank v. Edmisten, 681 F.2d 942 (4th Cir. 1982), the Declaratory Judgments Act, 28 U.S.C. § 2201, is "remedial only, and is not itself a basis for federal subject matter jurisdiction." Id. at 945 n.6 (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, [671-72] (1950)). Moreover, analogically, as the Supreme Court recognized in Heckler v. Ringer, 466 U.S. 602 (1984), a party cannot "bypass the exhaustion requirements of the Medicare Act by simply bringing declaratory judgment actions in federal court...." Id. at 621. Volvo GM's first cause of action is based on the same operative facts as Volvo GM's second cause of action, its APA claim. In both causes of action, Volvo GM attacks the OFCCP's seven-year delay in bringing enforcement actions against Volvo GM. As the Declaratory Judgments Act does not provide a basis for federal subject matter jurisdiction, Volvo GM's first cause of action would also be subject to the APA's exhaustion requirement.

Second, Volvo GM's third cause of action is based on an alleged constitutional violation, and does provide a separate basis for

judicial
review,[7] and would not be subject to the APA's exhaustion require-
_____
[7] As Volvo GM noted in its complaint, jurisdiction is vested in the court pursuant to 28 U.S.C. § 1331 in that the instant action is one "aris-
ing under the Constitution, laws, or treaties of the United States ...."

9

ment. Of course, pursuant to McCarthy, a non-APA case, the district court may in its sound discretion impose an exhaustion requirement, which in the instant case the district court did.

Guided by the Supreme Court's "repeated reference" in McCarthy to "congressional intent and the statutory basis undergirding the administrative process", the district court began its analysis of the exhaustion requirement by noting that a statutory basis existed for both the promulgation of both the Executive Order 11246 and the accompanying regulations. Federal Property and Administrative Services Act of 1949, 40 U.S.C. § 471 provides:

> It is the intent of the Congress in enacting this legislation to
> provide for the Government an economical and efficient
> system for (a) the procurement and supply of personal prop-
> erty and nonpersonal services, including related function
> such as contracting ....

40 U.S.C. § 471 (1986).

> No individual shall on the ground of sex be excluded from
> participation in, be denied the benefits of, or be subjected
> to
> discrimination under any program or activity carried on or
> receiving Federal assistance under this Act.

40 U.S.C. § 476 (1986).

> The President may prescribe such policies and directives ...
> as he shall deem necessary to effectuate the provisions of
> [this] Act, which policies and directives shall govern the ...
> executive agencies in carrying out their respective functions
> hereunder.

40 U.S.C. § 486(a) (1986).

The district court also noted that "... every action for money dam-
ages brought by the United States or an officer or agency thereof
which is founded upon any contract express or implied in law or
fact,
shall be barred unless the complaint is filed within six years
after the

10

right of action accrues or within one year after final decisions have
been rendered in applicable administrative proceedings required by
contract or by law, whichever is later ...." 28 U.S.C. § 2415(a)
(1994).

The district court stated that "[the above statutory passages] leads
me to the inescapable conclusion that the Congress, specifically when
it enacted 40 U.S.C. § 486, both reasonably intended and expected the
President to promulgate Executive Orders relating to federal contract-
ing or contractors and to delegate the tedium of their application to
the Executive Branch." Hence, the court found that the exhaustion
doctrine applied to Volvo GM's claims, and that none of the excep-
tions to the exhaustion doctrine were applicable to Volvo GM's
claims.[8]

Volvo GM attacks the district court's reasoning on the basis that
in McCarthy, the Court noted that Congress' intent to require exhaus-
tion must be "specific" and "clear", and here, "no indication [exists]
in the statutory language of 40 U.S.C. § 486 that Congress intended
by granting the President authority to issue `policies and directives'

_____

[8] In McCarthy, the Court recognized three circumstances in which the
interests of the individual weigh heavily against requiring administrative
exhaustion, namely (1) resort to the administrative remedy may prejudice
a subsequent court challenge of the contested agency action; (2) the
agency's remedy may be inadequate; and (3) the administrative remedy
may be inadequate where the administrative agency body is shown to be
biased or to have otherwise predetermined the issues before it.
McCarthy, 503 U.S at 147-48. With respect to the bias issue, the district
court concluded that "[w]hile Labor has been no doubt an exasperating
adversary, [Volvo GM] has failed to demonstrate that it is a victim of
Labor's bias." As for the second exception, the district court noted that
the administrative law judge is capable of "entertaining a statute of

laches or statute of limitation[s] argument," thus Volvo GM could obtain through the administrative process the relief sought. As for the delay associated with the OFCCP's initiation of administrative proceedings, the district court noted that while the delay is "appalling", the district court stated that the expenses incurred with the attenuated administrative process does not provide Volvo GM with a waiver from the exhaustion requirement. Finally, the district court noted that Volvo GM had not demonstrated that the OFCCP acted with "brazen defiance," an exception to the waiver requirement recognized in <u>Phillip Morris v. Block</u>, 755 F.2d 368, 369-70 (4th Cir. 1985).

11

to authorize the Secretary of Labor to create a quasi-judicial adminis-
trative enforcement scheme which a party is required to exhaust prior
to initiating suit an action in court." Moreover, Volvo GM notes that
the Solicitor of Labor's regulations issued pursuant to Executive
Order 11246 do not provide for judicial review following the adminis-
trative process, nor do they require that the OFCCP's processes be
exhausted before proceeding in federal court.

We are unpersuaded by Volvo GM's argument. Contrary to Volvo
GM's protestations, Congress by granting the President authority to
issue "policies and directives" to carry out implementation of Execu-
tive Order 11246 by the agencies, did speak "clearly" in requiring
exhaustion. By vesting the implementation of the Act in the adminis-
trative agencies, Congress was aware that exhaustion is required
before a litigant may challenge final agency action in federal
court.[9]
Having now concluded that an exhaustion requirement is applicable

_____

[9] Volvo GM cites to this court's decision in <u>Liberty Mutual Ins. v. Friedman</u>, 639 F.2d 164 (4th Cir. 1981), to argue that the imposition of
an exhaustion requirement must have some nexus between the exhaus-
tion requirement and the "efficiency and economy of the Procurement
Act." Again, Volvo GM's argument is unavailing. In <u>Liberty Mutual</u>, the
court, assuming that the Procurement Act provided the statutory author-
ity for the President to issue Executive Order 11246, stated that "any
application of the Order must be reasonably related to the Procurement
Act's purpose of ensuring efficiency and economy in government pro-
curement ... in order to lie within the statutory grant." <u>Id</u>. at 170. Volvo
GM claims an exhaustion requirement does not serve the goals of the
Procurement Act "in a situation like this one, with its associated lengthy
and costly administrative hearings and appeals, and would hinder rather
than promote the economy and efficiency with which a federal contrac-
tor, such as Volvo GM, performs its federal government contracts." Of
course, Volvo GM's argument ignores another, at least as salient purpose
of the Act, which is to ensure that federal contractors, such as

Volvo GM, are not engaged in impermissible discrimination. Even if the rationale of <u>Liberty Mutual</u> is applicable here, an exhaustion requirement which allows an agency, which is familiar with the Procurement Act and Executive Order 11246, to handle any such alleged discrimination demonstrates a sufficient nexus to the Procurement Act's goals.

12

to Volvo GM's claims, we will now address Volvo GM's arguments that the exhaustion requirement should be waived.**10**

B. <u>Exceptions to Exhaustion</u>

First, Volvo GM argues that imposition of an exhaustion requirement on its statutory and constitutional claims does not serve the underlying purposes of the exhaustion doctrine. Volvo GM contends that the narrow issue it seeks the court to address is a purely statutory issue, namely the statute of limitations issue. A decision on the applicable statute of limitations does not require application of any experience or expertise which the OFCCP may possess regarding "enforcement of non-discrimination provisions or other requirements of the Executive Order." Nor would resolution of the statute of limitations issue require judicial intervention into the "sacrosanct areas of agency discretion", Volvo maintains.

For its argument, Volvo GM principally relies upon <u>McCarthy</u>, <u>Bowen</u>, <u>McKart</u> and <u>United States ex rel. Brooks v. Clifford</u>, 412 F.2d 1137 (4th Cir. 1969) (relying on <u>McKart</u> to conclude that exhaustion was unnecessary). A synthesis of those cases reveals a central theme. The courts concluded that the purpose of the exhaustion doctrine would not be served by requiring the plaintiff to exhaust administrative remedies. Importantly to the issue at hand, however, in none of those cases was the APA the basis for judicial review. <u>McCarthy</u> involved an action by a federal prisoner seeking money damages under <u>Bivens v. Six Unknown Named Fed. Narcotics Agents</u>, 403 U.S. 388 (1971). <u>Bowen</u> involved the statute providing for judicial review of social security disability determinations, 42 U.S.C. § 405(g).

_____

**10** We also note that Volvo GM's "constitutional claim" appears to be nothing more than clever pleading of its APA claim so as to avoid the exhaustion requirement. The substance of the APA claim and the constitutional claim are identical, i.e. 1) the seven-year delay, which Volvo GM terms "extraordinary," by the OFCCP in bringing the enforcement action violated 5 U.S.C. § 555(b) in that the delay was "unreasonable", and 2) that same "extraordinary" seven-year delay violated its due process rights under the Fifth Amendment. Thus, Volvo GM should not be

able to escape the exhaustion requirements of the APA merely by real-
leging and repackaging its APA claim, as a constitutional claim.

13

McKart involved a direct appeal from a criminal conviction, and Brooks arose on a petition for habeas corpus. Volvo GM has not pointed to any case, involving a challenge under the APA, since Darby, that has subjected the exhaustion requirement to judicial discretion.

As the OFCCP notes, Volvo GM's statutory and constitutional claims based on the seven-year delay will involve a "fact-specific assessment that cannot be undertaken until the administrative process is completed." Although the OFCCP concedes that the statute of limitations claim raises a question of law, the OFCCP argues that "the answer to that question may involve an inquiry into the federal policies served by the Executive Order", and exhaustion would be particularly helpful in that situation. OFCCP cites as support for its argument Toilet Goods Ass'n, Inc. v. Gardner, 387 U.S. 158 (1967), wherein the Court required a party to exhaust a statutory challenge to the agency's regulations reasoning that exhaustion would throw some light on the agency's "statutory and practical justifications for the regulation." Id. at 166.

Volvo GM has failed to demonstrate that requiring Volvo GM to exhaust its administrative remedies will not serve the underlying purposes of the exhaustion doctrine. Volvo GM's case is readily distinguishable from the cases upon which it seeks to rely. Unlike in McKart, which involved a criminal defendant to whom all administrative remedies were closed; or in Brooks, where the court found that the exhaustion of administrative remedies would impose harm that could not be redressed on judicial review, here Volvo GM's only asserted harm is the burden of defending itself in an administrative proceeding. Such a burden has been found to be wholly insufficient to warrant a waiver of the exhaustion requirement. See Toilet Goods Ass'n, 387 U.S. at 164-66; Myers, 303 U.S. at 51-52.

Furthermore, Volvo GM asserts that exhaustion would be "futile" in the present case because the Secretary of Labor has already asserted its position that statute of limitations cannot be applied to OFCCP enforcement actions. Volvo GM bases its argument on the fact that in response to interrogatories requesting identification of the statute of limitations that applies to the underlying action, the Department of Labor replied "[t]here is no applicable code or statutory

cita-

tion." In addition, Volvo GM relies upon the fact that the Assistant Secretary for Employment Standards recently issued a final administrative decision that held that no statute of limitations applies to an action brought by OFCCP under § 503 of the Rehabilitation Act. OFCCP v. American Airlines, No. 94-OFC-9 (Apr. 26, 1996).**11**

In response, OFCCP maintains that the positions taken by the Department in defending itself are merely "litigating positions" and "[do] not necessarily reflect a deliberative adjudication of [Volvo GM's] claims." A litigating position, the OFCCP argues, can not be determinative of subsequent final agency action because "agency policy is to be made, in the first instance, by the agency itself -- not by the courts, and not by agency counsel." Harmon v. Thornburgh, 878 F.2d 484, 494 (D.C. Cir. 1989), cert. denied, 493 U.S. 1056 (1990).

As for the American Airlines decision, the OFCCP argues that the American Airlines decision involved § 503 of the Rehabilitation Act, not Executive Order 11246. Moreover, the decision was issued by the Assistant Secretary for Employment Standards, not the Administrative Review Board. While acknowledging that the similarities between § 503 and Executive Order 11246 may mean that the rationale of the American Airlines decision could be applied in the Executive Order 11246 context, the OFCCP argues that an adverse ruling against Volvo GM is not a "certainty." See Thetford Properties IV Ltd. Partnership v. HUD, 907 F.2d 445, 450 (4th Cir. 1990). Finally, the OFCCP notes that even if the Department has decided that a statute of limitations does not apply to the OFCCP's actions, Volvo GM may still prevail on either of its claims based on the seven-year delay associated with OFCCP bringing the instant action. Thus, OFCCP maintains that Volvo GM has failed to satisfy the futility exception.

The most helpful case on the instant issue is Thetford Properties. In that case, the plaintiffs challenged the district court's dismissal of its claim for failure to exhaust administrative remedies. Plaintiffs sought a declaratory judgment that HUD's Emergency Low Income Housing Preservation Act of 1987 (Act), 12 U.S.C.§ 17151, violated

---

**11** In response to Volvo GM's motion for summary judgment, the OFCCP argued that the rationale of American Airlines fully applies to

cases arising under Executive Order 11246.

15

their due process rights because of the Act's abrogation of their unconditional contractual right to prepay their federally insured mort-gages.

Addressing plaintiffs' argument that exhaustion was futile in their case because they could not meet the Act's requirements for prepayment, Judge Hall, writing for the court, stated:

> Absent a clear showing that an administrative agency has taken a hard and fast position that makes an adverse ruling a certainty, a litigant's prognostication that he is likely to fail before an agency is not a sufficient reason to excuse the lack of exhaustion.

Id. at 450. Moreover, Judge Hall stated that"[w]hile HUD cannot allow [plaintiffs] to unconditionally prepay and withdraw from the program, it is possible that prepayment on conditions acceptable to [plaintiffs] may be allowed." Id. Finally, Judge Hall noted that "[t]o allow [plaintiffs] to avoid the administrative process on their unsup-ported allegation of futility would allow the futility exception to swal-low the exhaustion rule." Id.

In the instant case, Volvo GM has the Secretary's litigating position that no applicable statutory code or citation applies to OFCCP enforcement actions. Stronger, but still not enough, Volvo GM relies upon the American Airlines decision. As the OFCCP noted, the American Airlines decision does not address Executive Order 11246, nor has the final decisionmaker, i.e. the Administrative Review Board, endorsed the decision.**12** Thus, using the rationale of Thetford, Volvo GM has failed to demonstrate that an adverse decision is a cer-

---

**12** For case support, Volvo GM also relies upon Houghton v. Shafer, 392 U.S. 639 (1968), and Cinderella Career & Finishing Schools, Inc. v. FTC, 425 F.2d 583 (D.C. Cir. 1970). In Houghton, the Court held that a prisoner was not required to exhaust his administrative remedies before challenging a rule that deprived him of legal books and materials because the ultimate decision maker, the Attorney General of Pennsylvania, had already made his position clear. Houghton, 392 U.S. at 640. ("In light of this [Attorney General's decision] it seems likely that to require peti-

tioner to appeal ..., would be deemed a futile act." In <u>Cinderella</u>, the court concluded that disqualification of the administrative decisionmaker was warranted where the decision maker had prejudged the issue of the case. <u>Cinderella</u>, 425 F.2d at 590-91. Unlike in <u>Houghton</u> and <u>Cinderella</u>, the final decisionmaker has not made a decision. Thus, Volvo GM's reliance on those cases is misplaced.

16

tainty. Under these circumstances, exhaustion of its claims is not futile.

Also, Volvo GM claims that it should not have to exhaust its APA claim based on the OFCCP's seven-year delay, pursuant to 5 U.S.C. § 555(b), because the APA vests authority for enforcing its provisions "in a court of competent jurisdiction." The difficulty with Volvo GM's argument is its circular reasoning. Volvo GM's argument is based on the premise that the seven-year delay is unreasonable, and now all a court must do is dismiss the case based on the unreasonable delay. As OFCCP notes, the APA does not prohibit, and in fact encourages, agencies from addressing the statute's procedural requirements in the first instance.

In the instant case, a determination of whether the seven-year delay is unreasonable will undoubtedly require a fact-intensive inquiry that cannot take place before the administrative process has concluded. In that manner, if, after the agency concludes its review, Volvo GM appeals that decision, the district court will have a more complete factual record upon which to determine whether dismissal is warranted due to the agency's seven-year delay. See American Fed'n of Gov't Employees v. Nimmo, 711 F.2d 28, 29-31 (4th Cir. 1983) (court ordered dismissal, on exhaustion grounds, of plaintiffs' complaint under the APA that certain Veteran Administration guidelines "were promulgated in violation of [APA]").

Moreover, Volvo GM argues that it should not be required to exhaust its constitutional claim, its third cause of action, because "[c]onstitutional claims are ... unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." Essentially Volvo GM claims that "due process is violated when a pre-deprivation hearing is delayed to the extent that it prejudices the defendant's right to a meaningful hearing because it significantly undercuts [Volvo GM's] ability to present an adequate defense, particularly through the presentation of witness testimony."**13** In addition, Volvo GM alleges that the

---

**13** Volvo GM alleged in its complaint that the seven-year delay by the OFCCP in initiating enforcement proceedings severely prejudiced Volvo

GM's ability to defend itself because five of the seven key management
individuals who have personal knowledge of Volvo GM's hiring policies, practices, and procedures in 1987, 1988, and 1989 are no longer
with Volvo GM.

17

OFCCP's enforcement proceedings, which do not provide any time limit for initiating administrative enforcement proceedings, also violate due process. Hence, Volvo GM claims that its constitutional due process claim cannot be resolved by the administrative process and that Volvo GM should not be required to exhaust its administrative remedies before proceeding in federal court.

The Fourth Circuit has recognized that exhaustion can be useful even where a constitutional issue is presented. In Thetford, the court held that the prudential considerations underlying the exhaustion doctrine are "no less weighty when an administrative litigant raises a constitutional challenge to a statute which an agency is charged with enforcing." Thetford, 907 F.2d at 448. Moreover, the court added that "exhaustion is particularly appropriate when the administrative remedy may eliminate the necessity of deciding constitutional questions." Thetford, 907 F.2d at 448 (quoting Nimmo, 711 F.2d at 31). Furthermore, the court noted that "requiring exhaustion ... may very well lead to a satisfactory resolution of [the] controversy without having to reach appellant's constitutional challenge." Thetford, 907 F.2d at 448.

Therefore, the court stated that it "must reject appellant's argument that, as a general rule, exhaustion is not necessary where administrative litigants raise constitutional challenges." Id. The court did note, however, that exhaustion may not be required "in the rare case when a statute is patently unconstitutional or an agency has taken a clearly unconstitutional position", or "[w]here it is clear that resort to administrative remedies would be incapable of affording due process...." Id. at 448-49.

In the instant case, Volvo GM should be required to exhaust its administrative remedies before proceeding in federal court. First, as noted above, Volvo GM's constitutional claim stems from the same "unreasonable delay" as forms the basis of its statutory claim. Second, as with Volvo GM's statutory claim, a fact-finding inquiry into the reasons for the delay will be necessary for the ultimate resolution

of
whether a seven-year delay violates the due process clause. Third, as
noted in <u>Thetford</u>, given the similarity between the statutory and con-
stitutional claims, the administrative process' resolution of the statu-
tory claim may well alleviate the necessity for the courts to pass on
the constitutional claim. Thus, Volvo GM has failed to demonstrate

18

that its combination of circumstances falls within any of the recog-
nized exceptions to the exhaustion doctrine. Accordingly, Volvo GM must exhaust its claims before proceeding in federal court.**14**

III.

CONCLUSION

In conclusion, we hold that Volvo GM is required to exhaust its claims in the administrative forum. Accordingly, the judgment of the
district court is

AFFIRMED.
_____
**14** We share the district court's and Volvo GM's frustration over the
OFCCP's seven-year delay in bringing enforcement proceedings against
Volvo GM. The OFCCP's seven-year delay is unsettling to say the least.
Nevertheless, we are satisfied that Volvo GM should be required to exhaust its claims in the administrative forum. For the sake of the credi-
bility of the administrative process, we hope that the administrative pro-
cess will not suffer from the same appearance of lack of timeliness seemingly evinced in the initiation of enforcement proceedings.