**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 25 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

### TENH CIRCUIT

WILLIAM "STUMP" SMITH,

        Plaintiff - Appellant -
        Cross - Appellee,

    v.

ROBERT L. GONZALES,

        Defendant - Appellee,

ARCHIE BORUNDA, and
JOHN AND JANE DOES Nos.
1 – 10,

        Defendants - Appellees -
        Cross - Appellants.

Nos. 99-2267 & 99-2274

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D. Ct. No. CIV-99-178-JC/LCG)**

---

Ray Twohig, Albuquerque, New Mexico, appearing for Plaintiff-Appellant and Cross-Appellee William Smith.

Luis E. Robles, French & Associates, P.C., Albuquerque, New Mexico, appearing for Defendants-Appellees and Cross-Appellants Archie Borunda and John and Jane Does Nos. 1-10.

Robert Don Lohbeck and John E. DuBois, Santa Fe, New Mexico, filed a brief for Defendant-Appellee Robert L. Gonzales.

Before **TACHA**, **BALDOCK**, and **BRORBY**, Circuit Judges.

**TACHA**, Circuit Judge.

Plaintiff-Appellant William "Stump" Smith appeals the district court's dismissal of his civil rights suit. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I.

In 1977, the State of New Mexico tried Smith for the kidnapping and murder of two women. The trial court declared a mistrial due to the jury's inability to reach a unanimous verdict. In 1978, a second jury acquitted Smith of the kidnapping charges, but convicted him of two counts of first degree murder. The trial judge sentenced Smith to two consecutive terms of life imprisonment. On appeal, the New Mexico Supreme Court affirmed Smith's convictions.

In 1983, Smith, through new counsel, filed a motion for post-conviction relief in the state trial court claiming, inter alia, that the prosecution had failed to disclose exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). The court denied his motion in February 1984, and Smith filed a state petition for a writ of habeas corpus in May 1984. The state trial court summarily dismissed the petition in 1987, and the New Mexico Supreme Court denied review. In 1988, Smith filed a federal petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  The federal district court dismissed Smith's petition with prejudice, and Smith appealed.

On March 7, 1995, we held that the prosecution had failed to disclose several pieces of relevant material exculpatory evidence, thereby violating Smith's constitutional due process right to a fair trial.  Smith v. Secretary of N.M. Dep't of Corrections, 50 F.3d 801, 835 (10th Cir. 1995).  We vacated Smith's conviction and remanded the case to the district court.  Id.  We instructed the district court on remand "to enter an order directing the State of New Mexico, within ninety (90) days of the entry of that order, to either grant Mr. Smith a new trial or, in the alternative, to order his permanent release from custody."  Id.

The State of New Mexico granted Smith a new trial and tried him for a third time.  The jury could not reach a unanimous verdict, and the trial court once again declared a mistrial.  On April 21, 1996, New Mexico state prosecutors filed a nolle prosequi indicating that they would not prosecute Smith's case further.  The State released Smith from prison on the same day.

On February 19, 1999, Smith filed the instant suit pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages for defendants' violations of his constitutional rights.  Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Smith's civil suit is barred by the applicable statute of limitations.  The district court granted defendants' motion and dismissed the suit

3

with prejudice.  Smith filed a timely appeal.

## II.

We review de novo a district court's dismissal of a suit pursuant to Rule 12(b)(6).  Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 556 (10th Cir. 1999).  After such review, we agree with the district court that Smith's cause of action is time-barred.[1]

"State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims . . . ."  Id. at 557.  In this case, the parties agree that New Mexico's three-year personal injury statute of limitations, N.M. Stat. Ann. § 37-1-8 (Michie 1978), applies to Smith's claims. However, federal law governs the accrual time for § 1983 claims.  Id.  The parties disagree as to the date when Smith's cause of action arose.

In order to recover damages for an allegedly unconstitutional conviction, "a § 1983 plaintiff must prove that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477,

---

[1]Defendants Gonzales and Burunda cross-appealed, arguing that they are entitled to qualified immunity.  Because we agree with the district court that this action is barred by the statute of limitations, we do not address defendants' qualified immunity claim.

4

486-87 (1994). A plaintiff may not bring a civil rights suit if a favorable result in the suit would necessarily demonstrate the invalidity of an outstanding criminal judgment against the plaintiff. Id. at 487. Thus, a § 1983 claim necessarily challenging the validity of a conviction does not arise until the conviction itself has been invalidated. Beck, 195 F.3d at 557. "Because the cause of action does not accrue until such time, the applicable statute of limitations does not begin to run until the same time." Id. (citing Heck, 512 U.S. at 489-90).

We invalidated the final judgment in Smith's state criminal trial when we vacated his conviction and remanded his habeas case to the district court on March 7, 1995. Id. After reviewing the proof that the state withheld, we found that "the prosecution did not fulfill its obligation to disclose . . . material exculpatory evidence." Smith, 50 F.3d at 835. We further held that the cumulative effect of the prosecution's nondisclosures had sufficiently undermined our confidence in the result of Smith's retrial. Id. at 834. Thus, as of March 7, 1995, a § 1983 suit would not have demonstrated the invalidity of Smith's 1978 conviction since we had vacated that conviction.

Furthermore, under our holding in Smith's habeas case, the prosecution was effectively prevented from withholding the same exculpatory evidence if the State decided to retry Smith. As a result, a third trial necessarily could not have implicated the constitutional violations at issue in Smith's second trial. Thus, as

5

of March 7, 1995, a favorable judgment in a § 1983 action would not have rendered invalid any outstanding criminal judgment against Smith. See Beck, 195 F.3d at 557 ("Heck precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed."). We therefore conclude that the statute of limitations in this case began to run on March 7, 1995. Smith did not file the instant suit until February 19, 1999. Thus, we hold that Smith's § 1983 action is time-barred.

Smith insists that, under Robinson v. Maruffi, 895 F.2d 649 (10th Cir. 1990), the statute of limitations did not begin to run until April 21, 1996, the date he was released from prison. In Robinson, a pre-Heck case, the State of New Mexico used perjured testimony to convict the plaintiff of several crimes in June 1981. See 895 F.2d at 654-55. The New Mexico Supreme Court reversed the plaintiff's criminal convictions due to the prosecutor's improper examination and impeachment of an eyewitness. Id. at 653. The State retried the plaintiff in October 1983, but the jury acquitted him after his lawyer exposed the state's use of perjured testimony. Id. The plaintiff filed a § 1983 suit in August 1984, claiming that the defendants had conspired to maliciously prosecute him. Id.

Like the district court, we rejected the defendants' argument in Robinson

that the civil suit was time barred. Id. at 654. We found that the plaintiff's civil rights claim had not accrued until he was acquitted in 1983 because, until that time, he "remained subject to . . . serious charges and went on trial for his life again . . . when the malicious prosecution conspiracy again resulted in presentation of the false case against him." Id. at 655. In contrast to the plaintiff in Robinson, after we vacated Smith's conviction based on the Brady violation, Smith was not subject to a third trial fraught with the same constitutional violations. Our 1995 judgment ended the conspiracy. We therefore conclude that Robinson is not only distinguishable from the instant case but is also consistent with Heck.[2]

AFFIRMED.

---

[2]In the district court, plaintiff argued that the statute of limitations was equitably tolled. He has abandoned this argument on appeal.