**Mark FRITZ, Plaintiff,**

v.

**The State of COLORADO, Ken Salazar, Attorney General of the State of Colorado, and Ricky Bennett, Chief of Police, City of Aurora, County of Arapahoe, State of Colorado, Defendants.**

**No. CIV. 01–B–2304 (PAC).**

United States District Court, D. Colorado.

Sept. 16, 2002.

Steven C. Janiszewski, Denver, CO, for Mark Fritz.

Matthew S. Holman, Attorney General's Office, Criminal Enforcement—Appellate, Denver, CO, for State of Colorado, Ken Salazar.

Julia Bannon, City Attorney's Office, Aurora, CO, for Ricky G. Bennett.

## MEMORANDUM OPINION AND ORDER

BABCOCK, Chief Judge.

This is a 42 U.S.C. § 1983 action challenging application of Colorado's quarterly, lifetime sex-offender registration law under its May 30, 2001 amendment. Plaintiff requests relief in the form of declaratory judgment, preliminary injunction, and permanent injunction. Defendants filed their motion to dismiss under "Fed.R.Civ.P. 12(b)." I construe Defendants' motion as one to dismiss under Fed.R.Civ.P. 12(b)(1), lack of jurisdiction over the subject matter. The motion will be denied.

## I. BACKGROUND

Plaintiff pled guilty to aggravated incest under Colorado law on January 19, 1999. *See* C.R.S. 18–6–302(1)(a) (2001). At the time of Plaintiff's conviction, Colorado's sex-offender registration law required those convicted of aggravated incest to register annually. C.R.S. 18–3–412.5(1)(b) and (3)(a)(I) (2000). Twenty years after release from State-court jurisdiction, the offender could petition for an order to discontinue the registration duty. *Id.* at 18–3–412.5(7)(a)(I). Plaintiff was sentenced to a 20–year term of probation. As

one of the conditions of probation, Plaintiff was required to register as a sex offender. Effective May 30, 2001, Colorado's sex-offender registration law was amended to require quarterly registration for life without an opportunity to petition the court to discontinue the registration duty. *See* C.R.S. 18–3–412.5(3)(a)(I.5) (2001). Plaintiff received a letter from the City of Aurora Police Department informing him he must comply with the amended sex-offender statute.

Plaintiff brings five claims alleging the sex-offender law as amended is unconstitutional as applied to him. Plaintiff claims it violates his right not to be subjected to retroactive punishment, his right to due process of law, his right to equal protection of the laws, and his right not to have the terms of his plea-bargain "contract" with the State of Colorado unilaterally modified by the State.

Defendants contend Plaintiff's claims should be dismissed because the Complaint ultimately challenges the validity of Plaintiff's conviction and sentence. Defendants assert these challenges must be made in a federal habeas corpus action following exhaustion of remedies in the Colorado State courts.

## II. LAW

### A. Rule 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir.1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir.1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir.1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir.1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *Id.* at 1003.

### B. *Heck* and Related Cases

When an inmate brings a 42 U.S.C. § 1983 action alleging his conviction violates his constitutional rights, to recover damages the inmate must prove the conviction or sentence has been: 1) reversed on direct appeal; 2) expunged by executive order; 3) declared invalid by authorized state tribunal; or 4) called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–7, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See also, Smith v. Gonzales*, 222 F.3d 1220 (10th Cir.2000). Where a plaintiff's § 1983 claims necessarily imply the invalidity of the judgment or the sentence in his criminal case, the plaintiff must first seek relief from the conviction through a federal habeas corpus action. *See Heck* at 486–87, 114 S.Ct. 2364; *Edwards v. Balisok*, 520 U.S. 641, 645, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Federal habeas corpus actions may not be pursued until a plaintiff has exhausted his state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

"The question is whether the nature of the challenge [is] such as necessarily to imply the invalidity of the judgment." *Edwards*, 520 U.S. at 645, 117 S.Ct. 1584. The federal habeas corpus standard reads as follows:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State . . . .

28 U.S.C. § 2254.

The Tenth Circuit has extended *Heck* to cover situations involving probation revocation. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir.1996) (§ 1983 claims challenging revocation of parole or probation precluded under *Heck* until revocation invalidated). Moreover, "*Heck* should apply to such situations when the concerns underlying *Heck* exist." *Beck v. City of Muskogee Police Dep't.*, 195 F.3d 553 (10th Cir.1999). One district court has ruled when a claim seeks enforcement of a bargain, such as a plea agreement, in addition to inquiry into the validity of a sentence, such claim is precluded as a § 1983 claim under *Heck. See Roe v. Office of Adult Probation*, 938 F.Supp. 1080 (D.Conn. 1996), *rev'd on other grounds*, 125 F.3d 47 (2nd Cir.1997). In *Roe*, the plaintiff pled guilty to several sex offenses. After the conviction, the Connecticut General Assembly enacted laws that required sex-offender registration and public notifica-

tion. *Roe* at 1093. The plaintiff claimed this was a breach of contract and a due process violation. *Id.* The court held that *Heck* precluded such claims. *Id.* at 1093 n. 14.

## III. DISCUSSION

Plaintiff contends this Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) (jurisdiction over civil rights violations) and 42 U.S.C. § 1983 (state deprivation of civil rights). The question hinges on whether *Heck* and the related cases apply to Plaintiff and whether Plaintiff's claims ultimately imply invalidity of his conviction or sentence. *See Heck*, 512 U.S. at 487, 114 S.Ct. 2364.

*Heck* involved an inmate's § 1983 action alleging county prosecutors and a state police investigator violated his constitutional rights. Plaintiff here is not an inmate. Plaintiff argues the sex-offender registration requirement is not imprisonment or confinement "in the broadest sense of the term." *Plaintiff's Response*, 5. Therefore, Plaintiff argues habeas corpus relief could not apply to him and *Heck* does not apply.

█ Federal courts have roundly held the "custody" requirement of 28 U.S.C. § 2254 is satisfied by probation. *See Krantz v. Briggs*, 983 F.2d 961 (9th Cir. 1993) (Probationary term being served by defendant at time he filed motion for habeas corpus relief was sufficient custody to confer jurisdiction over district court); *Tiitsman v. Black*, 536 F.2d 678 (6th Cir. 1976); *Hahn v. Burke*, 430 F.2d 100 (7th Cir.1970); *Hunt v. Tucker*, 875 F.Supp. 1487 (N.D.Ala.1995), *affirmed, Hunt v. Tucker*, 93 F.3d 735 (11th Cir.1996). Therefore, Plaintiff is not outside the realm of habeas corpus relief.

█ But Plaintiff also argues he is not challenging the fact or length of his proba-

tion. Rather, Plaintiff asserts he challenges the "quality" of his life under probation. Plaintiff asserts the sex-offender registration Act as amended adversely affects his life by making it impossible for him to escape the social stigma associated with sex offenders. Plaintiff contends *Preiser* supports his challenge to such adverse impacts through his § 1983 action. There, the Supreme Court held a civil rights action is the proper remedy for a state prisoner constitutionally challenging the conditions of his prison life but not the fact or length of his custody. *Preiser*, 411 U.S. at 498–99, 93 S.Ct. 1827. The court described such challenges to "prison life" as follows:

> [N]one of the state prisoners ... was challenging the fact or duration of his physical confinement itself, and none was seeking immediate release or a speedier release from that confinement—the heart of habeas corpus. In *Cooper[ v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964)], the prisoner alleged that, solely because of his religious beliefs, he had been denied permission to purchase certain religious publications and had been denied other privileges enjoyed by his fellow prisoners. In *Houghton[ v. Shafer*, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968)], the prisoner's contention was that prison authorities had violated the Constitution by confiscating legal materials which he had acquired for pursuing his appeal, but which, in violation of prison rules, had been found in the possession of another prisoner. In *Wilwording[ v. Swenson*, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971)], the prisoners' complaints related solely to their living conditions and disciplinary measures while confined in maximum security. And in *Haines[ v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)], the prisoner claimed that prison officials had acted unconstitutionally by placing him in solitary confinement as a disciplinary measure, and he sought damages for claimed physical injuries sustained while so segregated. It is clear, then, that in all those cases, the prisoners' claims related solely to the States' alleged unconstitutional treatment of them while in confinement. None sought, as did the respondents here, to challenge the very fact or duration of the confinement itself.

*Id.* Plaintiff contends he will be subjected to quarterly sex-offender registration without opportunity to petition a court for cessation of the duty. Plaintiff asserts the "injury" this causes him is his inability to escape the social stigma. The duty to register is a condition of Plaintiff's probation. Plaintiff effectively challenges application of this condition in its amended form. He asserts application of the new registration requirement will change his living conditions in a way he could not anticipate when he signed his plea agreement. He does not challenge the duration of the probation itself, which was set at 20 years. Although close, *Preiser* supports Plaintiff's § 1983 action.

Plaintiff notes that *Heck* is based on the monetary damages aspect of that plaintiff's case. Because Plaintiff seeks injunctive relief and declaratory judgment, he asserts *Heck* does not apply to his case. He cites *Richards v. Bellmon* to support his contention that his conviction need not be overturned in order to seek declaratory and injunctive relief under § 1983. 941 F.2d 1015 (10th Cir.1991). The *Richards* court ruled:

> [A] challenge to the fact of conviction or confinement, or the duration of confinement, is cognizable only under the habeas statute with its requirement of exhaustion of state remedies. On the other hand, a challenge to the conditions of confinement is cognizable under

§ 1983, which does not have a similar exhaustion requirement. Thus, although § 1983 is not available when a state prisoner seeks a release from or reduction of confinement, it is available when a prisoner seeks (1) to challenge the conditions of his confinement or (2) a declaratory judgment as a predicate to (a) an award of money damages or (b) prospective injunctive relief.

*Id.* at 1018 (internal citations omitted). Although Plaintiff's claims focus on a statutorily mandated lifetime reporting requirement, now quarterly, they do not focus on the 20–year term of probation. And, Plaintiff seeks declaratory and injunctive relief, not monetary damages. *Richards* supports Plaintiff's use of this § 1983 action seeking such remedies. Moreover, at least one federal court has determined that the nature of the relief does not determine whether the claims necessarily imply the invalidity of the underlying conviction and sentence. *See Johnson v. Davis,* 1999 WL 58643 (E.D.Pa. 1999).

For the above reasons, I conclude *Heck* does not apply directly to bar Plaintiff's claims. However, I must further inquire under *Heck* whether Plaintiff's § 1983 claims intimate invalidity of the underlying conviction or sentence. *Heck,* 512 U.S. at 486–7, 114 S.Ct. 2364. If they do, they should be dismissed. *See id.; Edwards,* 520 U.S. at 645, 117 S.Ct. 1584.

The *Heck* court stated:

[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.*

Defendants argue Plaintiff's claims fundamentally rest on the assertion that his plea bargain has been breached. Defendants assert Plaintiff effectively seeks enforcement of the plea agreement under which he was required to register once per year instead of four times per year under the amended sex-offender Act. Defendants rely on *Roe,* which held that a § 1983 action seeking enforcement of a plea agreement violates *Heck. Roe,* 938 F.Supp. at 1094, n. 14. Even though one claim references "contract," Defendants miss the core thrust of Plaintiff's complaint grounded in the United States Constitution.

In any event, *Roe* states: "Plaintiff presents this claim under the ambit of a breach of contract. He does not specify the relief requested in connection with the plea-agreement claim. If the relief contemplated is an injunction directing the Superior Court to allow the plaintiff to withdraw the plea, or ordering the conviction set aside, the appropriate relief would be obtainable only through the writ of habeas corpus." *Id.* Here, Plaintiff does not seek the relief Roe sought. Rather, Plaintiff requests injunctive relief that would prevent application of the amended sex-offender statute requirement to him, but does not challenge application of the registration requirements in effect at the time of his plea bargain. As Plaintiff concedes, "[n]owhere in his Amended Complaint does [Plaintiff] indicate he wants to withdraw his plea, or that he wants his conviction set aside."

Defendants also argue Plaintiff's claim that the quarterly registration requirement increases punishment under his plea bargain and under his sentence in violation of the *ex post facto* clause cannot survive

scrutiny under *Heck*. Defendants contend resolution of this claim would determine the scope of Plaintiff's plea bargain and sentence, whether the bargain was breached, and the propriety of Plaintiff's conviction and sentence. I disagree. In order to determine the effect of the amended registration law on Plaintiff's probation, the scope of Plaintiff's probation would be assessed. But whether the State of Colorado breached its plea bargain does not implicate inquiry into the validity of Plaintiff's criminal conviction and sentence. Plaintiff concedes his conviction and sentence are valid. A ruling in Plaintiff's favor would address only the validity of the amended registration law as applied to him.

Plaintiff contends due process precludes application of the new registration requirement absent a new opportunity for a hearing. Plaintiff also argues under the equal protection clause that he is entitled to a determination whether he should be required to comply with the quarterly registration. In a conclusory fashion, Defendants contend a determination in Plaintiff's favor would undermine his probation sentence and question the validity of his conviction. Defendants' argument is unpersuasive.

Nothing about Plaintiff's equal protection claim necessarily implies underlying invalidity of his conviction or sentence. A ruling in Plaintiff's favor would necessarily prevent application of the amended sex-offender registration act to him. It would also affect a condition of his probation. This does not, however, implicate the term of Plaintiff's probation. Nor does it imply Plaintiff's conviction or sentence is unsound.

Although the question is a close one, I conclude *Heck* and its progeny do not bar subject-matter jurisdiction.

It is therefore ORDERED THAT:

DEFENDANTS' motion to dismiss is DENIED.