**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES P. COSGROVE,

      Plaintiff-Appellant,

v.

KANSAS DEPARTMENT OF
SOCIAL AND REHABILITATION
SERVICES; DONNA WHITEMAN;
MICHAEL VANLANDINGHAM;
LOIS MITCHELL; SYDNEY KRAFT;
ALBERTA BRUMLEY; DELMAR
BRUMLEY; JOHN/JANE DOES,
acting as employees in and for
Johnson County, Kansas, and the City
of Olathe, Kansas,

      Defendants-Appellees.

No. 05-3278
(D.C. No. 04-3398-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY,** and **HENRY**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Charles P. Cosgrove, a *pro se* state prisoner, filed a § 1983 claim against the Kansas Department of Social and Rehabilitation Services and various individuals ("Defendants") alleging that Defendants violated his constitutional rights by placing him in an abusive foster home from 1984 to 1992. After granting Mr. Cosgrove *in forma pauperis* status, the district court *sua sponte* concluded that all of Mr. Cosgrove's claims were time barred under applicable Kansas statutes of limitations and dismissed his complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief may be granted. Mr. Cosgrove appeals and we reverse.

## I. Factual Background

On November 1, 2004, Mr. Cosgrove filed a § 1983 claim against Defendants in federal district court alleging the following: Mr. Cosgrove was a minor child in the protective, legal custody of defendant Kansas Department of Social and Rehabilitation Services ("SRS") from at least early 1984 to October 16, 1992. In early 1984, Defendants placed Mr. Cosgrove in a foster-care home in Olathe, Kansas, known as the "Brumley foster home." He lived at the Brumley foster home until 1992, when an adopted son of the foster parents died as a result of extreme physical abuse including a broken elbow, broken collar-bone, and ruptured small intestine, all allegedly at the hands of one of the foster parents' adult daughters.

From the time Mr. Cosgrove was initially placed in the Brumley foster home until he left in 1992, he was subject to, "inter alia, extreme physical abuse/trauma on a daily basis including being struck, beat, forced into labor, and malnourished by" his foster parents and "forced to endure extreme emotional and mental trauma." Mr. Cosgrove further alleges that, during this time, Defendants were aware of the abuse and trauma inflicted by the defendant foster parents. Additionally, he contends that Defendants, in their individual and official capacities and under color of state law, deliberately failed to exercise caution, care, and control so as to protect Mr. Cosgrove from injury; engaged in intentional and willful and wanton dereliction of their duties to protect and preserve Mr. Cosgrove's constitutional rights; failed to properly train and supervise the foster-care program directors and employees; failed to investigate the repeated complaints of Mr. Cosgrove, his biological parents, and others; and willfully and wantonly subverted and covered up repeated complaints and reports of abuse and trauma knowing that the abuse and trauma was so abhorrent as to "shock the conscience" of the court. Mr. Cosgrove claims that, as a result of Defendants' violations, the daily physical and mental abuse he endured from 1984 to 1992 "has a had a detrimental effect on his continued quality of life and physical, mental, and emotional health" resulting in permanent damages.

The district court *sua sponte* dismissed Mr. Cosgrove's complaint pursuant to § 1915A on the grounds that it was time barred under Kansas' two-year statute of limitations and ten-year statute of repose applicable to actions for "an injury to the rights of another" pursuant to Kan. Stat. Ann. § 60-513(a)(4). Additionally, the district court rejected Mr. Cosgrove's argument that tolling pursuant to § 60-515 applied and concluded instead that, even if the statute of limitations could be tolled, § 60-515's eight-year statute of repose had expired. Finally, the court concluded that the extended statute of limitations applicable to childhood sexual abuse pursuant to § 60-523 did not apply because Mr. Cosgrove's complaint did not allege conduct constituting a violation of the specified sexual offenses required to invoke § 60-523.

## II. Discussion

The district court raised *sua sponte* an affirmative defense by dismissing Mr. Cosgrove's claim under § 1915A for failure to file within the statute of limitations. "[T]he district court may consider affirmative defenses sua sponte" for purposes of dismissal under § 1915 "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." Fratus v. Deland, 49 F.3d 673, 674-75 (10th Cir. 1995) (quotations, alterations omitted). Thus, a district court may not dismiss a *pro se* complaint by raising *sua sponte* a statute of limitations defense that is "neither patently clear

- 4 -

from the face of the complaint nor rooted in adequately developed facts." Id. at 675. We review *de novo* an order dismissing a prisoner's case for failure to state a claim. McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001). Here, we conclude that the district court erred in dismissing Mr. Cosgrove's complaint under § 1915A on the grounds of statute of limitations.

**A. Kansas' Relevant Statutes of Limitations**

As Mr. Cosgrove correctly argues, state law determines the applicable statute of limitations and accompanying tolling provisions for § 1983 actions. Fratus, 49 F.3d at 675. Generally, "the appropriate statute of limitations for § 1983 actions arising in Kansas is two years, under Kan. Stat. Ann. § 60-513(a)(4)." Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1300-01 (10th Cir. 1991). However, section 60-515(a), which was amended in 1992 to include the italicized language below, provides in relevant part:

> *Except as provided in K.S.A. 60-523*, if any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, an incapacitated person or imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.

Kan. Stat. Ann. § 60-515(a). The Kansas Supreme Court has determined that "the 8-year statute of repose under 60-515(a) applies to all tortious acts committed

while the plaintiff is a minor, regardless of how old the plaintiff is (a minor or an adult) when the action actually accrues." Ripley v. Tolbert, 921 P.2d 1210, 1215 (Kan. 1996). Since Mr. Cosgrove was a minor when the alleged abuse occurred, the eight-year statute of repose applies to his claims unless another statute takes his action out of § 60-515.[1]

In his complaint, Mr. Cosgrove alleges that the abuse continued from early 1984 to "on or about October 16, 1992." Assuming § 60-515 applies, "[t]he 8-year statute of repose under 60-515(a) would have begun to run on the date of this last act," Ripley, 921 P.2d at 1215, and therefore would have expired on October 16, 2000.[2] Mr. Cosgrove, however, did not file his § 1983 claim against

---

[1] Section 60-513(a)(4)'s two-year statute of limitations may also be tolled for inmates "imprisoned for a term less than [their] natural life" if they do not have "access to the court for purposes of bringing an action." Kan. Stat. Ann. § 60-515(a). In such cases, but only in such cases, inmates may file an action "within one year after" their release from prison. Id. Mr. Cosgrove is currently serving a criminal sentence in a federal facility in Greenville, Illinois and claims that he has only strictly limited access to the courts by virtue of his federal incarceration outside the state of Kansas, where he has no access to Kansas state statutes with which to prepare, file, and proceed on a civil rights action. While we recognize and appreciate the severe obstacles a *pro se* prisoner must overcome in bringing even the most basic legal action, our remand of this case on other grounds makes it unnecessary for us to determine the applicability of this provision in this case.

[2] Under § 60-515(a), Mr. Cosgrove had one-year from reaching the age of majority to file his claim if the injury was reasonably ascertainable and accrued when he was still a minor. Alternatively, under § 60-513(a)(4), Mr. Cosgrove had two-years from the date his injury became reasonably ascertainable to file his claim if the injury was not reasonably ascertainable and did not accrue until he

(continued...)

- 6 -

Defendants until November 1, 2004, more than four years after the eight-year

statute of repose expired.

In 1992, however, Kansas enacted § 60-523(a), which provides that:

No action for recovery of damages suffered as a result of childhood sexual abuse shall be commenced more than three years after the date the person attains 18 years of age or more than three years from the date the person discovers or reasonably should have discovered that the injury or illness was caused by childhood sexual abuse, whichever occurs later.

Kan. Stat. Ann. § 60-523(a). By its plain terms then, § 60-523 does not have a

statute of repose. And, with the amendment to § 60-515(a) in 1992, that section

by its plain language no longer applies to childhood sexual abuse claims governed

by § 60-523.[3] See Kan. Ann. Stat. § 60-515(a) ("*Except as provided in K.S.A.*

*60-523* . . . no . . . action [governed by this section] shall be commenced . . . more

---

[2](...continued) was an adult. See Ripley, 921 P.2d at 1215. "[F]ederal law governs the accrual time for § 1983 claims." Smith v. Gonzales, 222 F.3d 1220, 1222 (10th Cir. 2000). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir. 1998) (quotations omitted). And because "the injury in a § 1983 case is the violation of a constitutional right," determining when a § 1983 cause of action accrues requires the court "to identify the constitutional violation and locate it in time." Id. (quotations, citations omitted). But we need not do so in this case because, "[u]nder either accrual date, . . . the action was barred by the 8-year statute of repose under [§] 60-515(a)" in 2000. See Ripley, 921 P.2d at 1215.

[3] Furthermore, neither § 60-523 nor § 60-513 indicates that 60-513's ten-year statute of repose should apply to childhood sexual abuse claims, and no Kansas court has ever done so.

than eight years after the time of the act giving rise to the cause of action.").

Thus, if the "childhood sexual abuse" statute of limitations applies, a plaintiff's complaint is not time barred by any statute of repose.

In enacting § 60-523, the legislature specifically expressed its intent that the section apply to "[a]ny action commenced on or after July 1, 1992." Id. 60-523(d)(1). Mr. Cosgrove's commenced his action in 2004. Thus, if the childhood sexual abuse statute of limitations applies, his § 1983 claim would only be time barred if he filed his complaint "more than three years from the date [he] discover[ed] or reasonably should have discovered that the injury or illness was caused by childhood sexual abuse, whichever occurs later." Kan. Stat. Ann. § 523(a).

**B. Statute of Limitations Applicable to Mr. Cosgrove's § 1983 Claim**

It is unclear from the face of Mr. Cosgrove's complaint whether section 60-515(a)'s or 60-523(a)'s statute of limitations period should apply. Mr. Cosgrove alleges that Defendants violated his constitutional rights by placing him in an abusive foster home, where he suffered daily physical and mental abuse as a result of various Kansas officials' conduct. The district court concluded that § 60-523(a) did not apply because Mr. Cosgrove alleged "only physical abuse" and "[h]is attempt to broadly expand the scope of . . . [§] 60-523 to include 'a pattern of physical abuse' as 'consequently' including childhood sexual abuse as defined

by . . . [§] 60-523 . . . is unfounded."[4]  But the district court erred in doing so because, liberally construing a *pro se* complaint, we could imagine cases where an adequately developed factual backdrop to a claim of physical abuse includes the types of sexual abuse that invoke § 60-523(a)'s extended statute of limitations.[5] Thus, while it is certainly possible that § 60-515(a)'s two-year statute of limitations and eight-year statute of repose should apply, this fact is not patently clear from the face of the complaint nor rooted in adequately developed facts.

---

[4]  Section 60-523(b)(2) states:

(2) "Childhood sexual abuse" includes any act committed against the person which act occurred when the person was under the age of 18 years and which act would have been a violation of any of the following:

(A) Indecent liberties with a child as defined in K.S.A. 21-3503 and amendments thereto; (B) aggravated indecent liberties with a child as defined in K.S.A. 21-3504 and amendments thereto; (C) aggravated criminal sodomy as defined in K.S.A. 21-3506 and amendments thereto; (D) enticement of a child as defined in K.S.A. 21-3509 and amendments thereto; (E) indecent solicitation of a child as defined in K.S.A. 21-3510 and amendments thereto; (F) aggravated indecent solicitation of a child as defined in K.S.A. 21-3511 and amendments thereto; (G) sexual exploitation of a child as defined in K.S.A. 21-3516 and amendments thereto; or (H) aggravated incest as defined in K.S.A. 21-3603 and amendments thereto; or any prior laws of this state of similar effect at the time the act was committed.

[5]  In fact, Mr. Cosgrove submitted, in his objections to the district court's dismissal on statute of limitations grounds, that "the central allegation of the complaint is the violation of plaintiff's civil rights based upon the pattern of physical abuse, which consequently includes 'childhood sexual abuse' as defined in K.S.A. 60-523."

Furthermore, if § 60-523's statute of limitations applies, it is not patently clear when Mr. Cosgrove discovered or reasonably should have discovered that his injuries were caused by childhood sexual abuse. A court, therefore, cannot determine when the three-year statute of limitations began to run without making certain factual determinations. Section 1915, however, "cannot serve as a factfinding process." See Fratus, 49 F.3d at 675 (prohibiting factfinding in a § 1915(d) dismissal, which is the precursor to § 1915(e)) (quotations omitted).

## III. Conclusion

Section 1915 and 1915A dismissal on the basis of an affirmative defense such as statute of limitations "which the district court raises sua sponte is reserved for those *extraordinary* instances when the claim's factual backdrop clearly beckons the defense." Fratus, 49 F.3d at 676 (emphasis added). We refuse to say that Mr. Cosgrove's *pro se* complaint represents such an extraordinary instance. We hold that the district court erred in dismissing Mr. Cosgrove's complaint for failure to state a claim upon which relief can be granted. We therefore REVERSE and REMAND to the district court for further proceedings in accordance with this opinion.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge