**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 6, 2009[*]
Decided May 11, 2009

#### Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| No. 08-3365 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| ANDRES A. DEL REAL, *Plaintiff-Appellant,* | |
| *v.* | No. 06-C-0842 C.N. Clevert, Jr., *Judge.* |
| MOISES GOMEZ, *et al.,* *Defendants-Appellees.* | |

#### Order

Andres Del Real contends, in this action under 42 U.S.C. §1983, that he was wrongly arrested and prosecuted for two shootings on October 18, 1994. His arrest occurred the same day. He was convicted in January 1995. On March 9, 1999, Wisconsin's Court of Appeals held, on petition for collateral relief, that the conviction was invalid because officer Moises Gomez had testified falsely. (Gomez testified that he had not swabbed any suspects' hands for gunshot residue. In fact, he had swabbed Del Real's hands, and the results were negative.) In June 1999 the prosecutor announced that Del Real would not be retried. This suit was filed in August 2006.

The statute of limitations for a §1983 suit in Wisconsin is six years. The district judge concluded that the claim against the officers who arrested him accrued on the date of the arrest, see *Wallace v. Kato*, 549 U.S. 384 (2007), and that the claim against the prosecutor accrued when the conviction was vacated. Del Real contends that *Heck v. Humphrey*, 512 U.S. 477 (1994), postponed the accrual of his claims until, as a matter of state law, the prosecutor could no longer change his mind and decide that Del Real should be tried a second time. *Wallace* holds, however, that a claim for improper arrest, search, or seizure

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

accrues on the date of the wrong. And *Heck* supports the district court's conclusion that a claim for wrongful prosecution or any other trial-related activity by a prosecutor accrues when the conviction is vacated.

The Justices held in *Heck* that a suit under §1983 is improper when the plaintiff cannot prevail without contradicting a valid judgment in his criminal litigation—but that the claim accrues when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus". 512 U.S. at 486–87. See also *Wallace*, 549 U.S. at 391. Once the conviction has been set aside in any of these ways, victory in a §1983 suit would not conflict with a binding adjudication. This means that the state appellate court's decision (or, perhaps, the issuance of its mandate) caused Del Real's claim against the prosecutor to accrue. What might happen in a subsequent prosecution is neither here nor there; the claim accrues as soon as the only obstacle to the litigation—the adverse judgment—has been lifted. See *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000). Del Real did not file suit within six years, so the district court's judgment is affirmed.